**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DONALD SMITH                                    :

    Plaintiff                                   :

    v                                           :          Civil Action No. PJM-05-424

DR. ENOLA, *et al.*                             :

    Defendants                                  :

. . .o0o. . .

**MEMORANDUM**

Pending in the above-captioned civil rights action is Defendants' Motion to Dismiss or for Summary Judgment.  Paper No. 18.  Although Plaintiff was advised of his right to file an opposition to the motion and of the consequences of failing to do so, he has filed nothing further in this case.  Paper No. 19.  Upon review of the papers filed, this Court finds a hearing in this matter unnecessary.  Local Rule 105.6 (D. Md. 2004).   For the reasons set forth below, Defendants' Motion, construed as a Motion to Dismiss, shall be granted.

**Background**

Plaintiff alleges that while incarcerated at Eastern Correctional Institution (ECI)[1] he was not provided with proper medical care for his Hepatitis B and C.  Paper No. 1 at p. 4.  Plaintiff's request for relief is simply for this Court to "look into this matter." *Id*.  Defendants assert that the complaint fails to state an Eighth Amendment claim inasmuch as the allegation, at most, involves negligence or malpractice.  Paper No. 18.

---

[1] Plaintiff was released in June, 2005, and notified the Court of his new address.  Paper No. 8. To the extent that the Complaint seeks injunctive relief, the claim is rendered moot by Plaintiff's release.

**Standard of Review**

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**Analysis**

In order to state an Eighth Amendment constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendants' acts (or failures to act) amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). Mere negligence or malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

The only allegation stated in the complaint is that Defendants did not act professionally in treating Plaintiff's illness. Paper No. 1 at p. 4. At best, the failure to comport with accepted professional medical standards is a medical malpractice claim. In addition, the allegation is devoid

of any factual allegations upon which a constitutional claim could be gleaned. [2] Accordingly, the

complaint must be dismissed.  A separate Order follows.


____1/4/06____                              _____/s/_____
Date                                                    PETER J. MESSITTE
                                                         UNITED STATES DISTRICT JUDGE

---

[2] Indeed, the extensive medical record submitted to the Court demonstrates that Plaintiff who was not a candidate for Interferon treatment, received ongoing monitoring of his hepatic condition and appropriate supportive treatment during flare-ups of the disease.